## Gillett v. Taylor.

1. *Practice—Authentication of Records.*—A record of the commissioners of highways offered in evidence, for the purpose of showing authority for digging a ditch in the highway, which is not authenticated by the signature of the president of the board as required by the statute, is not admissible.

2. *Record of Proceedings— Recitals of Former Proceedings.*—When a record of an order relied upon contains a mere recital that upon a former occasion certain proceedings were had, and when that occasion was and who was present not appearing, *it was held* insufficient.

Memorandum.—Trespass for filling a ditch. Appeal from a judgment for the defendant rendered by the Circuit Court of Logan County; the Hon. GEORGE W. HERDMAN, Circuit Judge, presiding. Heard in this court at the May term, A. D. 1892, and affirmed. Opinion filed October 17, 1892.

### STATEMENT OF THE CASE.

The plaintiff offered to introduce in evidence a record, identified by Mr. Davis, town clerk, under date of July 25, 1891, as the record of the commissioners of highways of Elkhart township, as follows:

"July 25, 1891, present, Henry Ostermeier, Robert Turley; absent, C. Q. Taylor.

"Met in regular meeting and they talked the matter over concerning John P. Gillett cleaning out the open ditch along the side of the road running from Elkhart to Mt. Pulaski, on the north side of section 16 in said Elkhart township, and there agreed that they had given their consent for said John P. Gillett to open up or clean out said open ditch for the purpose of an outlet for his tile drain from his ponds in pasture.

Attest: WM. H. DAVIS,<br>Clerk of the Board."

To the introduction of which the defendant objected, and the court sustained the objection. The plaintiff appealed.

### APPELLANT'S BRIEF.

Technical precision in matters of form can not be regarded in entries of clerks of commissioners of highways. County Court of Madison Co. v. Rutz, 63 Ill. 65; Bliss v. Harris, 70 Ill. 343; Brennan v. Shinkle, 89 Ill. 604.

The statute does not make it essential to the validity of the record that the president should sign it.

E. D. BLINN, attorney for appellant.

APPELLEE'S BRIEF.

No official business can be transacted by highway commissioners except at a regular or special meeting of the board. Section 10, Roads and Bridges Act; Chaplin v. Highway Commissioners, 129 Ill. 651.

License to flow land must be in writing. Johnson et al. v. Rea, 12 Brad. 331; Stoddard v. Filger, 21 Ill. App. 560; Woodward v. Seely, 11 Ill. 157; Tanner v. Volentine, 75 Ill. 624.

The highway commissioners had no power to grant away a part of the public highway to drain appellant's land. Johnson v. Rea, 12 Brad. 336; P., Ft. W. & C. R. R. Co. v. Rich, 101 Ill. 157.

To maintain trespass the plaintiff must have possession. Dean v. Comstock, 32 Ill. 173; St. Louis, Vandalia & Terre Haute R. R. Co. v. Town of Summit, 3 Brad. 155; Cook v. Foster, 2 Gilm. 655; McCormick v. Huse, 66 Ill. 315.

If appellant acted as the agent for the highway commissioners in digging the ditch, he can not maintain this suit. 1 Chitty, Pl. 6; Gunn v. Cantine, 10 Johns. 388.

The right to dig and maintain such a ditch, is such a right and interest in the land that it would have to be created by deed, and could not be given by parol. It is an easement, and must be governed by the law bearing upon the conveyance of such rights. Woodward v. Seely, 11 Ill. 157; Tanner v. Volentine, 75 Ill. 624; Kuhlman v. Hecht, 77 Ill. 570; Forbes v. Balenseifer, 74 Ill. 183; Kamphouse v. Gaffner, 73 Ill. 454; St. L. Stock Yards v. Wiggins Ferry Co., 102 Ill. 520.

BEACH & HODNETT, attorneys for appellee.

OPINION BY THE COURT.

Appellant sued appellee in trespass for filling up a cer-

Gillett v. Taylor.

tain ditch which appellant had opened up in the highway. The appellee was one of the highway commissioners and had been placed in charge of the highway where this ditch was, and being of the opinion that it was not properly there, he caused it to be filled. Thereupon appellant caused it to be again opened, and in this suit he sought to recover the expense of reopening the ditch. It appears that appellant, being the owner of certain lands near the highway, had laid a tile drain for the purpose of draining his land into the highway, but he did not own the lands on either side of the highway at the point where the ditch was opened. There was a tile drain then in the highway; but it was too small to carry off the water from appellant's drain. He sought to prove that he had lawful authority from two of the commissioners to dig the ditch, and that he had such an ownership or possessory right therein as would enable him to maintain trespass for an injury to the same. We do not care to discuss the question whether he had, according to his own claim, such an interest as would be necessary to support the action.

The Circuit Court excluded the record evidence which he sought to introduce to show his authority for digging the ditch, and this necessarily prevented him from recovering. He now assigns error upon this ruling of the court.

The record thus offered was not authenticated by the signature of the president of the board, as the statute requires, and was not admissible for that reason.

Again, it does not appear that an order was then made authorizing the ditch to be dug, but there is merely a recital that on a former occasion consent had been given to that effect.

When that occasion was and who was present does not appear.

It may be that this was intended as an authority then conferred to make the ditch, but the language employed is not sufficient for this purpose.

After this record had been excluded the plaintiff sought to prove a verbal permission from two of the commissioners, but this was properly excluded.

We find it unnecessary to discuss the question as to the power of the commissioners to grant such authority as here contended for, it being sufficient for the present purpose that no proper evidence was offered to show that the authority had been granted. The People, etc., v. Madison Co., 125 Ill. 334. Judgment affirmed.